IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELVIN KEITH RICHARDSON**, <br><br> Petitioner, <br> v. <br><br> **JOSEPH J. PIAZZA**, et al., <br><br> Respondents. | Civil Action <br><br> No. 07-2065 |

**MEMORANDUM**

July 17, 2007,

     In February 2007, Melvin Keith Richardson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Middle District of Pennsylvania; on May 2, 2007, the Middle District transferred Richardson's petition to this court pursuant to 28 U.S.C. 2241(d).  On June 5, 2007, before this court had begun the process of considering the merits of Richardson's petition, Richardson submitted a "Petition for a Stay of Proceedings."  *See* Docket No. 2.  Richardson requests a stay on the grounds that he is unable to "perfect the Petition that was filed, nor a Memorandum of Law In Support" because, "[d]espite repeated requests to all counsel(s) and the Court of Common Pleas, the Petitioner is unable to obtain a copy of the Notes of Testimony [from his state-court trial], as well as all other in-court related documents."[1]

**Request for stay**

On its face, petitioner's request is reasonable; the records to which he allegedly lacks access are clearly necessary for him to properly present his claims to this court. Moreover, the court does not perceive any prejudice to the respondents in staying this case until the Commonwealth courts and Richardson's prior counsel can either (a) provide Richardson with the requested documents or (b) provide an explanation of why they cannot do so.  Therefore, the case will be stayed and placed in civil suspense,² and the Clerk of this court directed to provide a copy of Richardson's motion, this Memorandum and the accompanying order to the Court of Common Pleas for Chester County and to Richardson's prior counsel.³

**Required warnings**

As a separate issue, the court notes that Richardson's petition is not filed on this court's current standard form as required by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.  We have stated that use of the current form is important in order to guarantee that petitioner is made aware of the specific warnings required from this court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to *United States v. Thomas*, 221 F.3d 430 (3rd Cir. 2000) and *Mason v. Meyers*, 208 F.3d 414 (3rd Cir. 2000).⁴  These specific *Thomas* and *Mason* warnings are contained in the introductory text of this court's current standard form.  However, rather than requiring petitioner to refile his petition on the current form, in this case the court will simply include the necessary warnings herein.  The petitioner is

hereby on notice that:

1. He must include all potential claims and supporting facts for which he might desire to seek review, because a second or successive habeas corpus petition cannot be filed except under very specific and rare circumstances requiring certification by the Third Circuit Court of Appeals. The requirements for filing a second or successive petition are set forth in 28 U.S.C. § 2244(b).[5]

2. His habeas corpus petition must be filed within the one-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d).[6] (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, *see* Fed. R. Civ. P. 15, or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, *see Thomas*, 221 F.3d 430.)

If, in light of these warnings, petitioner desires to add additional claims or facts not presented in his original petition, he may file a motion to amend the petition. An appropriate order accompanies this Memorandum.

BY THE COURT:

/s/ Louis H. Pollak

———————————
Pollak, J.

———————————

Notes:

[1] Richardson also refers to his lack of access to these records several times in his § 2254 petition.

[2] Because of the strict one-year time limit created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, for filing of a petition under 28 U.S.C. § 2254, the court finds that a stay, rather than dismissal of the petition without prejudice, is appropriate to protect petitioner's right to have his claims heard in this court.  *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); *cf. Rhines v. Weber*, 544 U.S. 269 (2005).

[3] As this case will be stayed, at this juncture the court will dismiss Richardson's request for appointment of counsel (*see* Docket No. 3, filed June 20, 2007), without prejudice to refiling at a later date.

[4] *See Thomas*, 221 F.3d at 437–38 & nn.6–7 (noting strict and short AEDPA statute of limitations for filing a petition under 28 U.S.C. § 2254); *Mason*, 208 F.3d at 417–19 & n.11 (noting strict restrictions created by 28 U.S.C. § 2244(b) on a district court's ability to consider a "second or successive" petition under § 2254) (citing *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999)).

[5] 28 U.S.C. § 2244(b) provides as follows:
>    (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>        (B)    (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>               (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>    (3)    (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>           (B) A motion in the court of appeals for an order authorizing the

  district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
  (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
  (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
  (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

[6] 28 U.S.C. § 2244(d) provides as follows:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.