UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN KEITH RICHARDSON,<br><br>  Petitioner,<br><br>  v.<br><br>JOSEPH PIAZZA, et al.,<br><br>  Respondents. | CIVIL ACTION<br><br>No. 07-2065 |

Pollak, J.                                            January 20, 2010

## OPINION

On or about February 11, 2007, petitioner Melvin Keith Richardson filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his conviction for crimes including burglary, aggravated assault, and fleeing or attempting to elude police officers. Petitioner filed an amended habeas corpus petition (docket no. 15) on April 9, 2008 that raises fourteen separate grounds for relief. Thereafter, respondents filed an Answer to the petition (docket no. 24), and petitioner submitted a Reply (docket no. 25). On December 30, 2008, Magistrate Judge Linda K. Caracappa issued a Report and Recommendation ("R&R") recommending that thirteen of the claims in Richardson's petition be denied as procedurally defaulted and that the final claim – based on the alleged ineffective assistance of Richardson's Pennsylvania Post Conviction Relief Act ("PCRA")

1

counsel – be denied as not cognizable in a federal habeas proceeding. Petitioner filed Objections (docket no. 27) to the R&R on January 16, 2009. Also before the court is petitioner's Petition for Review and Reconsideration (docket no. 30), which seeks reconsideration of this court's Order (docket no. 29) dismissing two of petitioner's prior motions seeking records for use in his amended petition.

As the R&R correctly concludes, the vast majority of the grounds for relief enumerated in the amended petition were never presented to the state courts. Richardson's direct appeal from his conviction only raised the question of "[w]hether [the] trial court articulated legally permissible aggravating factors to support its sentence of the defendant," Answer, Ex. A, at 2 – an issue that is not raised in the amended petition. Richardson's PCRA petition, meanwhile, argued only that "trial counsel was ineffective for failing to request preservation of the state policy audio tape recording between the troopers and their barracks which was made during the automobile chase and collision between the troopers and [petitioner]." *Id.*, Ex. E, at 4.[1]

Thus, all of the claims in the amended petition – except (1) any restatement of the claim in the PCRA petition, and (2) the final claim, which pertains to the

---

[1] Richardson initially filed a *pro se* PCRA petition alleging various other claims. The PCRA court addressed those claims, but his counsel only advanced the audiotape issue on appeal, and the Superior Court considered that issue alone. *See Commonwealth v. Richardson*, No. 771-EDA-2206 (Pa. Super. Ct. Sept. 5, 2006); Answer Ex. E. The other claims in the initial PCRA petition were therefore not exhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

performance of petitioner's PCRA counsel and therefore was not available at the time of the PCRA petition – have, as petitioner concedes, been procedurally defaulted. *See* Objections at 2-3. These claims have not yet been "'fairly presented' to the state courts," *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999), and unless petitioner "allege[d]" and "prove[d]" that one of the statutory exceptions enumerated in 42 Pa. Cons. Stat. § 9545(b)(1) applied, these claims would be time-barred in state court, because the PCRA has a one-year statute of limitations that began running when petitioner's sentence became final in 2005, *see id.* § 9545(b)(1) & (3). Therefore, "state procedural rules bar [petitioner] from seeking further relief in state courts," *McCandless*, 172 F.3d at 260, and these claims are procedurally defaulted, *see Keller v. Larkins*, 251 F.3d 408, 413-16 (3d Cir. 2001) (holding that a claim not fairly presented to the state courts was procedurally barred because the PCRA's statute of limitations had expired).

This court may not entertain the procedurally defaulted claims unless petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[s] will result in a fundamental miscarriage of justice.'" *Id.* at 415 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Petitioner argues that he has satisfied the cause and prejudice test. *See* Objections at 3-7. To do so, he must show both that "some objective factor external to the defense impeded efforts to comply with the State's procedural rule," *Slutzker v. Johnson*, 393 F.3d 373, 381

3

(3d Cir. 2004), and that he suffered "'actual and substantial disadvantage'" as a result, *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

Richardson argues that both (1) prosecutorial misconduct, and (2) the ineffective assistance of counsel, as described in the amended petition, serve as adequate causes for his procedural default. *See* Objections at 3-4. Petitioner's arguments concerning prosecutorial misconduct, however, relate to the prosecution's failure to turn over the audiotape of the initial police pursuit; he makes no assertions that prosecutorial misconduct prevented him from presenting the procedurally defaulted claims to the state courts in a PCRA petition. Petitioner's allegations of prosecutorial misconduct therefore do not present the requisite cause in the cause and prejudice analysis.[2]

Nor do petitioner's allegations of ineffective assistance of counsel serve this purpose. It is true, as petitioner contends, that the ineffective assistance of counsel is, in certain circumstances, a cognizable cause for the failure to abide by state procedural rules. *See Carrier*, 478 U.S. at 488. Nevertheless, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another

---

[2] The prior existence of such an audiotape was known to – and relied on by – petitioner's counsel at the time of trial. *See* Answer, Ex. I, at 21-22. *Banks v. Dretke*, 540 U.S. 668 (2004), which held that the petitioner established cause for a procedural default under circumstances in which the prosecution falsely "'assert[ed] during state habeas proceedings that petitioner had already received everything known to the government,'" *id.* at 692-93 (quoting *Strickler v. Greene*, 527 U.S. 263, 289 (1999)), is therefore inapplicable to this case.

4

claim can itself be procedurally defaulted," and, if it is defaulted, the ineffective assistance claim "can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards v. Carpenter*, 529 U.S. 446, 451, 453 (2000). The only potentially cognizable cause petitioner presents for the default of his ineffective assistance claims, however, is that later counsel were ineffective for failing to present these arguments – and *all* such claims concerning trial and appellate counsel have themselves been defaulted. Moreover, insofar as petitioner attempts to interpose the performance of his PCRA counsel as a cause, that attempt is unavailing, because petitioner "had no [federal constitutional] right to counsel to pursue his appeal in state habeas," and thus "any attorney error that led to the default of [his] claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson*, 501 U.S. 722, 757 (1991). As a result, petitioner has not demonstrated the requisite cause to excuse his procedural default, and all of the defaulted claims will be dismissed.

The R&R also correctly concludes that claim N in the amended petition, which alleges that petitioner's PCRA counsel "was ineffective for not independently searching the record for meritable issues . . . and briefing them to the court," Am. Pet. at 6, "is not cognizable in a federal habeas corpus petition because the right to effective assistance of PCRA counsel exists pursuant to state law, and is not mandated by the Constitution or laws or treaties of the United

5

States," R&R at 6; *accord Coleman*, 501 U.S. at 752 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1989) and *Wainwright v. Torna*, 455 U.S. 586 (1982)). Petitioner's reliance on that state-law right in his objections to the R&R is therefore of no moment. *See* Objections at 6. Further, while petitioner suggests an exception to the rule that there is no constitutional right to counsel in collateral proceedings for situations in which "state collateral review is the first place a prisoner can fairly present a challenge to his conviction," Objections at 6-7 (internal quotation marks omitted), this court is bound by *Finley*'s clear statement that "the right to appointed counsel extends to the first appeal of right, and no further." 481 U.S. at 555; *see also Tillett v. Freeman*, 868 F.2d 106, 108 (3d Cir. 1989) ("*Pennsylvania v. Finley* establishes that a claim of ineffective assistance of counsel in a Post Conviction Hearing Act proceeding is not one arising under the Constitution or laws of the United States. It is at most one arising under Pennsylvania law."). Claim N of the amended petition will therefore also be dismissed.

Finally, the R&R holds that, as with most of the claims in the amended petition, petitioner procedurally defaulted the claim that counsel Elizabeth Plasser was constitutionally ineffective when she failed to request the audiotape of communications made by the police during their pursuit of Richardson. R&R at 6. While the R&R does not elaborate on this holding, I assume that the R&R's rationale is either that (1) the amended petition does not clearly set forth the

audiotape claim, or (2) the PCRA petition states that "trial counsel" failed in this regard, while the § 2254 petition argues that this failure was committed by the unidentified public defender representing petitioner at his arraignment and by Plasser, who apparently represented Richardson after the arraignment but before trial.

Neither potential reason justifies a finding that this claim has been procedurally defaulted, however. While the amended petition is not artfully drafted, the audiotape claim is fairly read as subsumed within claim C, which states that "Plasser was ineffective for failing to," *inter alia*, "preserve exculpatory/impeachment audio tape and/or [its] transcription for trial." Am. Pet. at 5. Further, the references to "trial counsel" in the PCRA petition and to Plasser by name in the amended petition represent a distinction without a difference. In a letter submitted to the PCRA court, petitioner's PCRA counsel described Plasser as petitioner's "first trial counsel," suggesting that she, at least, was subsumed in the PCRA petition's use of the term "trial counsel." Answer, Ex. E, at 15. The Commonwealth's brief on petitioner's PCRA appeal to the Pennsylvania Superior Court also characterizes the PCRA petition as arguing that Plasser was ineffective in failing to request a copy of the audiotape. *See id.*, Ex. F, at 8. The PCRA court then made express findings of fact concerning the date of the police pursuit, the date of petitioner's preliminary hearing, the date Plasser began her representation of the petitioner, the date when the first specific request for the audiotape was

7

made, and the police department's policy concerning audiotapes. *Id.*, Ex. E, Appx. A, at 2.

The PCRA petition, in other words, presented to the state courts the question of whether attorney Plasser was ineffective for failing to request the videotape, and the amended petition includes the same claim. Am. Pet. at 5.[3] I accordingly do not agree with the R&R to the extent that it holds this claim to be procedurally defaulted, and I now consider its merits.

The relevant facts are set out in the Pennsylvania Superior Court's opinion denying Richardson's PCRA petition. *See Commonwealth v. Richardson*, No. 771-EDA-2006 (Pa. Super. Ct. Sept. 5, 2006). On February 20, 2003, after burglarizing two homes, Richardson engaged in a high-speed chase with multiple police vehicles. *Id.* at 2. During the chase, the car Richardson was driving

---

[3] Petitioner's ineffective assistance of counsel claim was fairly presented to the state courts as a *federal* claim. While petitioner's brief to the Pennsylvania Superior Court does not mention the federal Constitution or cite to federal case law, it does state an ineffective assistance claim "'in terms so particular as to call to mind a specific right protected by the [federal] Constitution.'" *Nara v. Frank*, 488 F.3d 187, 198 (3d Cir. 2007) (quoting *McCandless*, 172 F.3d at 260). Moreover, where the petitioner presents a claim to the state courts in some form, and the "method of analy[zing that claim] is the same under both Pennsylvania and federal law," the exhaustion requirement is satisfied. *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1232 (3d Cir. 1992). That rule applies here, as "the Pennsylvania Supreme Court has explicitly held that the state [ineffective assistance] standard is 'the same' as [the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)] and that Pennsylvania law does not provide 'any greater or lesser protection' than the Sixth Amendment." *Rompilla v. Horn*, 355 F.3d 233, 248 (3d Cir. 2004), *rev'd on other grounds sub nom. Rompilla v. Beard*, 545 U.S. 374 (2005) (quoting *Commonwealth v. Pierce*, 527 A.2d 973, 976-77 (1987)).

8

collided with one of the police cars. This incident formed the basis of the aggravated assault charge against petitioner. *Id.* at 2-3. Radio conversations between state police cars and barracks – but not transmissions between vehicles – are automatically recorded on an audiotape; those tapes are then recycled after approximately thirty days if no party requests their retention. *See id.* at 5-6. None of Richardson's various lawyers requested the tape until Joseph Green, petitioner's trial counsel, learned of the tapes during a pre-trial hearing in August 2003. *Id.* at 6.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show (1) that his attorney's representation "fell below an objective standard of reasonableness," and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. In assessing petitioner's claims, I "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. I may only grant petitioner relief if the state courts applied *Strickland* in a way that was "objectively unreasonable," *Siehl v. Grace*, 561 F.3d 189, 195 (3d Cir. 2009), or if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2).

The Pennsylvania court's application of *Strickland* was not unreasonable, because petitioner has failed to demonstrate a reasonable probability that, had the

9

audiotape been preserved, the outcome of the trial would have differed.[4] The PCRA court expressly found that "there is no credible evidence as to what, if any, communications the . . . state police barracks' audiotape of February 20, 2003 recorded regarding the high-speed chase of the Defendant" and that, while Richardson believes the tape would show that he did not ram the pursuing police car, "there is no credible evidence that any radio communications were made by the state police troopers participating in the pursuit . . . to the . . . state police barracks dispatcher either at the approximate time when contact was made between the state police vehicle and the Defendant's vehicle, or describing that event." Answer, Ex. E, Appx. A, at 3. Because only recordings between police cars and the barracks – and not vehicle-to-vehicle communications – were recorded, *see id.*, absent any evidence that the state troopers involved in the pursuit of defendant's car made relevant communications to the barracks, petitioner's claim that the audiotape is potentially exculpatory is based on speculation alone. Mere speculation concerning what the tape *might* reveal, however, is insufficient to demonstrate a reasonable probability that the audiotape would have altered the jury verdict. *See United States v. Garvin*, 270 Fed. Appx. 141, 144 (3d Cir. 2008) (holding that there was "no reason to believe that a favorable result was reasonably probable" where the petitioner's suggestion that additional evidence would have

---

[4] Accordingly, I need not determine whether or not Plasser's conduct "fell below an objective standard of reasonableness."

been favorable was "wholly speculative"); *see also, e.g.*, *Munoz v. Grace*, No. 05-4199, 2007 WL 2323134, at *12 (E.D. Pa. Aug. 10, 2007) (noting that speculation concerning the potential fruit of further investigation was "insufficient to overcome the presumption of competent assistance of counsel").

The PCRA court's relevant findings of fact were also not unreasonable. Specifically, two police officers testified at trial that vehicle-to-vehicle communications, unlike vehicle-to-barracks communications, are not recorded. Trial Tr., 01/19/03, at 40-41, 83-84. However, while there was testimony to establish that *some* "radio communication between" the chasing police officers "and the barracks" occurred "during the pursuit," *id.* at 118, nothing in the trial record indicates that such communication (1) occurred at or around the time Richardson's vehicle collided with the police car, or (2) concerned that collision. Accordingly, although the petitioner properly exhausted the claim that attorney Plasser was ineffective for failing to request the audiotape, he has not demonstrated that he was prejudiced by the absence of the audiotape evidence at trial, and the amended petition will be denied and dismissed.[5]

---

[5] Assuming that petitioner's parallel claim that the counsel who represented him at his arraignment was ineffective for failing to request the audiotape was fairly presented to the state courts, it fails for the same reason as the claim concerning Plasser. So, too, would petitioner's claim that counsel Joseph Green was ineffective for failure to secure the audiotape, even assuming that the claim as to Green is properly before this court. I further note that, at the PCRA hearing, Green testified that he was first contacted about petitioner's case on August 4, 2003, well after the tape would have been recycled. PCRA Hearing Tr., 01/06/06, at 7.

11

Further, a certificate of appealability ("COA") will not issue. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253 (2006). Rather, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In other words, "a petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Petitioner has not met either prong of this test.

Finally, petitioner has filed a motion seeking reconsideration of this court's earlier decision denying his request to stay proceedings and his motion to hold his former attorneys in non-compliance with an order requiring them to provide petitioner with relevant documentation. Because the vast majority of petitioner's claims to relief have been procedurally defaulted without any suggestion of cognizable good cause shown, and because this court's review of the record demonstrates that petitioner's remaining claims (1) are not cognizable in a federal habeas proceeding, or (2) are without merit, petitioner's motion will be denied.

An appropriate order accompanies this opinion.