IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELVIN KEITH RICHARDSON,<br><br>  Petitioner,<br><br>v.<br><br>DAVID A. VARANO, et al.,<br><br>  Respondents. | Civil Action<br><br>No. 2:07-CV-2065 |

**MEMORANDUM & ORDER**

Petitioner Melvin Keith Richardson, a state prisoner, seeks relief from the previous judgment of this court denying his petition for habeas corpus. Docket No. 33. Richardson asserts that this court committed two errors by (1) not holding an evidentiary hearing on his claims of ineffective counsel, and (2) misapplying case law relating to the cause and prejudice standard for excusing a petitioner's procedurally defaulted habeas claims. Docket No. 43. For the reasons stated below, Richardson's motion will be denied.

**I.     Denial of Richardson's Habeas Petition**

On April 9, 2008, Richardson filed an amended habeas corpus petition for relief from his conviction for crimes including burglary, aggravated assault, and fleeing or attempting to elude police. Docket No. 15. Richardson raised fourteen separate grounds

for relief, including that his pretrial, trial, appellate, and Pennsylvania Post Conviction Relief Act ("PCRA") counsel each were ineffective. In denying his petition, I rejected one of Richardson's claims on the merits, held one of his claims—for ineffective-PCRA-counsel—as not cognizable in a federal habeas proceeding, and found his other twelve claims procedurally defaulted because he failed to present them to the state courts. *See* Docket No. 33. Richardson also failed to show the requisite cause to excuse the procedural default of his claims; the only cognizable cause asserted was that his later counsel were ineffective for failing to present his claims to the state courts, but all such claims concerning his trial and appellate counsel were themselves procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). Thus, I denied the habeas petition, and Richardson filed the present motion for relief from that judgment pursuant to Fed. R. Civ. P. 60(b).

## II.     Rule 60(b)

Under Rule 60(b), the court may relieve a party from a final judgement, order, or proceeding for any of six enumerated reasons, including "mistake," "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). A Rule 60 motion "is addressed to the sound discretion of the court." *Boughner v. Sec'y of Health, Educ. & Welfare,* 572 F.2d 976, 977 (3d Cir. 1978). The Third Circuit has described Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary

justifying circumstances are present." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991).

### III. Discussion

1.  *Evidentiary Hearing*

Richardson asserts that this court erred by dismissing his habeas petition without first holding an evidentiary hearing to inquire into his claims of attorney ineffectiveness and abandonment. Docket No. 43. Because these claims were never presented to the state courts and therefore were procedurally defaulted, the only purpose of holding an evidentiary hearing would have been to ascertain if the attorney ineffectiveness itself caused the procedural default. In such a context, the Third Circuit has held that an "evidentiary hearing should not be available to a habeas petitioner who claims relief from the exhaustion rule unless the petitioner sets forth facts with sufficient specificity that the district court may be able, by examination of the allegations and the response, to determine if further proceedings are appropriate." *Mayberry v. Petsock*, 821 F.2d 179, 186 (3d Cir. 1987). Thus, just as with habeas determinations made on the merits, conclusory allegations will not suffice to require discovery or an evidentiary hearing in determining whether non-exhausted claims can be excused. *Id.* at 185. The extent of Richardson's allegations against his appellate or PCRA counsel—the only counsel that could have caused his procedural default—is that his appellate counsel "left out multiple issues of merit" without any "logical basis" for doing so. Docket No. 43 at 13. Richardson thus fails to make any allegations with sufficient specificity to warrant an

3

evidentiary hearing.

Moreover, Richardson's reliance on *Holland v. Florida*, 130 S. Ct. 2549 (2010), is unavailing. *Holland* dealt with a habeas petitioner whose petition was dismissed as untimely[1] and who provided a litany of allegations that suggested an "'extraordinary' instance in which petitioner's attorney's conduct constituted far more than 'garden variety' or 'excusable neglect.'" *Id.* at 2564. Most importantly, the *Holland* Court did not address when a district court should hold an evidentiary hearing on a claimed excuse from a procedural default, but merely instructed the court below that a hearing may be necessary to determine if Holland's petition should be equitably tolled. *Id.* at 2565. For these reasons, the court finds Richardson's reliance on *Holland* unpersuasive and rejects his argument that an evidentiary hearing was required.

2.  *Applicability of* Edwards v. Carpenter

Richardson also argues that this court misapplied *Edwards v. Carpenter*, 529 U.S. 446 (2000), in holding that he did not have cause for his procedurally defaulted habeas claims.[2] Specifically, Richardson argues that the rule in *Edwards,* in combination with

---

[1] Richardson appears to believe that his petition, too, was dismissed as untimely. *See* Docket No. 43 at 3. This is incorrect; as recounted above, the vast majority of his claims were dismissed as procedurally defaulted because they were not exhausted in the state courts. None were dismissed as untimely. *See* Docket No. 33.

[2] Respondents assert that this claim is not one for which the court may grant a remedy pursuant to Rule 60(b). *See* Docket No. 46. However, as noted above, Rule 60(b)(6) allows for the court to relieve a party from a final judgment "for any other reason that justifies relief," and such motions are left to the court's discretion to address. *See Boughner*, 572 F.2d at 977.

Pennsylvania state court procedure concerning ineffective-counsel claims, creates a situation in which a petitioner is not guaranteed effective counsel when claiming the ineffectiveness of previous counsel.  This is because, Richardson argues, a petitioner in Pennsylvania state courts generally cannot raise an ineffective-assistance-of-counsel claim on direct appeal—when there is a constitutionally guaranteed right to effective counsel—but only on collateral attack, when there is no right to effective assistance of counsel.  *See Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002).  Thus, if a petitioner's pretrial or trial counsel is ineffective, the petitioner must rely on his PCRA counsel to raise that claim, and because there is no constitutional right to effective PCRA counsel,[3] a petitioner may have no recourse if his PCRA counsel is ineffective and does not raise the claim.  But this procedural aspect of Pennsylvania law has no bearing on the applicability of *Edwards* to this case.  *Edwards* bars a habeas court from considering an ineffective-assistance-of counsel claim as cause for the procedural default of another claim when the ineffective-assistance claim itself has been procedurally defaulted. *Edwards*, 529 U.S. at 453.  In addition, and what is especially relevant to the potential conundrum Richardson presents, *Edwards* holds that the procedural default of the ineffective-counsel claim asserted as cause can *itself* be excused if the petitioner *can show cause with respect to that claim*.  *Id.*  However, as stated above, Richardson has failed to make sufficient allegations that would show cause sufficient to excuse the procedural

---

[3] *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

default of any of his ineffective-counsel claims.  Accordingly, this court's reliance on *Edwards* was proper, and Richardson's motion will be denied.

\* \* \* \*

**AND NOW**, this 19th day of July, 2011, upon consideration of Richardson's Petition for Relief from Judgment (Docket No. 43), and for the reasons outlined in the above memorandum, it is hereby **ORDERED** the petition is **DENIED**.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.